#6
15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

- vs-

CRIMINAL NO. 06-20663

HON. AVERN COHN

VIO: 21 U.S.C. § 846
21 U.S.C.§841(b)(1)(A)(ii)(II)
18 U.S.C. § 1956(h)
21 U.S.C. § 843(b)

FILED
APR - 9 2008
CLERK'S OFFICE
DETROIT

D-1 DERRICK ARMSTRONG, a.k.a. "Londell Armstrong," "Smoke" & "Smoky,"
D-2 ELIJAH AMIR BAKER, a.k.a. "Eli" & "Muslim,"
D-3 WILLIAM BODDIE, a.k.a. "Jimmie,"
D-4 MARTEZ DEON BYRTH, a.k.a "Tito" & "Dash,"
D-5 MONICA LANE COOK, a.k.a. "Peanut" & "Twin,"
D-6 MONIQUE LANE COOK, a.k.a. "Chevy,"
D-7 JEAN PAUL GRAMMATICO, a.k.a. "Green Eyes,"
D-8 ANTHONY TROY GRAY, a.k.a. "Louis Jackson," "Leon Patrick Williams" & "Troy,"
D-9 CHARLES EDWARD HOWARD, JR., a.k.a. "Black" & "Derron Howard,"
D-10 DEXTER JOSEPH HUSSEY, a.k.a. "Salsa,"
D-11 DANNY JONES, a.k.a. "Dog Man,"
D-12 JOSEPH M. JONES III a.k.a. "J.J.,"
D-13 RICARDO DENARD MCFARLIN a.k.a. "Slick," "Richard David Thomas" & "Michael Smith"
D-14 TERRANCE LEE SHORT a.k.a. "Texas Cuz,"
D-15 ROBERT M. SILLS, JR., a.k.a. "Fat Cat,"
D-16 RASHAWN SIMMONS a.k.a. "Shaggy," & "Darry James Price,"
D-17 PIERINO VERRELLI, a.k.a "Pior,"
D-18 DANIEL CORRAL, a.k.a. "D," "Nice," & "Hugo,"
D-19 WALTER CARROLL, a.k.a. "Big Walt,"
D-20 AARON ROBERT SCHWARTZ,
D-21 ANDREA MONIQUE WHITMAN, and
D-22 VINCENT D. WYNN,

Defendants.

_______________________________________/

**FIRST SUPERSEDING INDICTMENT**

THE GRAND JURY CHARGES:

**COUNT ONE**

(21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A)(ii)(II) -
Conspiracy to Distribute 5 Kilograms or more of Cocaine)

D-2 ELIJAH AMIR BAKER, a.k.a. "Eli" & "Muslim,"
D-3 WILLIAM BODDIE, a.k.a. "Jimmie,"
D-4 MARTEZ DEON BYRTH, a.k.a "Tito" & "Dash,"
D-5 MONICA LANE COOK, a.k.a. "Peanut" & "Twin,"
D-6 MONIQUE LANE COOK, a.k.a. "Chevy,"
D-7 JEAN PAUL GRAMMATICO, a.k.a. "Green Eyes,"
D-8 ANTHONY TROY GRAY, a.k.a. "Louis Jackson," "Leon Patrick Williams" & "Troy,"
D-9 CHARLES EDWARD HOWARD, JR., a.k.a. "Black" & "Derron Howard,"
D-10 DEXTER JOSEPH HUSSEY, a.k.a. "Salsa,"
D-11 DANNY JONES, a.k.a. "Dog Man,"
D-13 RICARDO DENARD MCFARLIN a.k.a. "Slick," "Richard David Thomas" & "Michael Smith"
D-14 TERRANCE LEE SHORT a.k.a. "Texas Cuz,"
D-15 ROBERT M. SILLS, JR., a.k.a. "Fat Cat,"
D-16 RASHAWN SIMMONS a.k.a. "Shaggy," & "Darry James Price,"
D-17 PIERINO VERRELLI, a.k.a "Pior,"
D-18 DANIEL CORRAL, a.k.a. "D," "Nice," & "Hugo,"
D-19 WALTER CARROLL, a.k.a. "Big Walt,"
D-21 ANDREA MONIQUE WHITMAN

1. From on or about January 1, 1990, said date being approximate, and continuing to the date of this indictment, in the Eastern District of Michigan, and elsewhere, ELIJAH AMIR BAKER, WILLIAM BODDIE, MARTEZ DEON BYRTH, MONICA LANE COOK, MONIQUE LANE COOK, JEAN PAUL GRAMMATICO, ANTHONY TROY GRAY, CHARLES EDWARD HOWARD, JR., DEXTER JOSEPH HUSSEY, DANNY JONES, RICARDO DENARD MCFARLIN, TERRANCE LEE SHORT, ROBERT M. SILLS, JR., RASHAWN SIMMONS, PIERINO VERRELLI, DANIEL CORRAL, WALTER CARROLL, ANDREA MONIQUE

WHITMAN and others known and unknown to the Grand Jury, including Terry Lee Flenory and Demetrius Edward Flenory did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with one another to commit an offense or offenses against the United States, that is, to knowingly or intentionally possess with intent to distribute and to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II).

2. It was a part of the conspiracy that Terry Lee Flenory and Demetrius Edward Flenory, by the early 1990's, had established a drug organization which was dealing in kilogram quantities of cocaine in the Detroit metropolitan area. By the mid 1990's, the organization was extended into other areas of the United States including St. Louis, Missouri, Los Angeles, California and Atlanta, Georgia. Eventually, Terry Lee Flenory and Demetrius Edward Flenory began to operate their illegal cocaine business from Atlanta, Georgia and Los Angeles, California as well as Detroit. Between approximately 2001 and 2003, Terry Lee Flenory and Demetrius Edward Flenory began to refer to their activities as being part of an entity they called the "Black Mafia Family" (BMF). Over the course of the conspiracy, the organization headed by the Flenorys bought or sold cocaine in several states including, but not limited to, Kentucky, Georgia, Florida, Missouri, California, Texas and Michigan.

3. It was a further part of the conspiracy that Terry Lee Flenory, Demetrius Edward Flenory and others would arrange for large amounts of currency derived from the sale of cocaine in the Detroit metropolitan area and elsewhere to be transported to Texas, California, Georgia and elsewhere for the purpose of purchasing more cocaine.

4. It was a further part of the conspiracy that Terry Lee Flenory, Demetrius Edward Flenory and others would utilize vehicles equipped with traps and hidden compartments to conceal and transport cocaine and cash generated from the drug organization's sale of cocaine. PIERINO VERRELLI installed the traps and hidden compartments in several of the vehicles and MARTEZ DEON BYRTH, DEXTER JOSEPH HUSSEY and WALTER CARROLL were three individuals who would use these vehicles to transport cocaine and /or cash.

5. It was a further part of the conspiracy that ELIJAH AMIR BAKER, WILLIAM BODDIE, MARTEZ DEON BYRTH, MONICA LANE COOK, MONIQUE LANE COOK, JEAN PAUL GRAMMATICO, ANTHONY TROY GRAY, CHARLES EDWARD HOWARD JR., DEXTER JOSEPH HUSSEY, DANNY JONES, RICARDO DENARD MCFARLIN, TERRANCE LEE SHORT, ROBERT M. SILLS, JR. RASHAWN SIMMONS, DANIEL CORRAL, WALTER CARROLL, ANDREA MONIQUE WHITMAN and others would facilitate the conspiracy by, *inter alia*, transporting and/or distributing cocaine, loading and unloading cocaine, counting drug related currency, processing cocaine and brokering cocaine transactions.

All in violation of Title 21 United States Code, Section 846.

**COUNT TWO**

(18 U.S.C. § 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(1)(B)(ii), and 1956(h) - Conspiracy to Launder Monetary Instruments

D-1 DERRICK ARMSTRONG, a.k.a. "Londell Armstrong," "Smoke" & "Smoky,"
D-2 ELIJAH AMIR BAKER, a.k.a. "Eli" & "Muslim,"
D-4 MARTEZ DEON BYRTH, a.k.a "Tito" & "Dash,"
D-5 MONICA LANE COOK, a.k.a. "Peanut" & "Twin,"
D-6 MONIQUE LANE COOK, a.k.a. "Chevy,"

D-7 JEAN PAUL GRAMMATICO, a.k.a. "Green Eyes,"
D-9 CHARLES EDWARD HOWARD, JR., a.k.a. "Black" & "Derron Howard,"
D-10 DEXTER JOSEPH HUSSEY, a.k.a. "Salsa,"
D-11 DANNY JONES, a.k.a. "Dog Man,"
D-12 JOSEPH M. JONES III a.k.a. "J.J.,"
D-13 RICARDO DENARD MCFARLIN a.k.a. "Slick," "Richard David Thomas" & "Michael Smith"
D-16 RASHAWN SIMMONS a.k.a. "Shaggy," & "Darry James Price,"
D-17 PIERINO VERRELLI, a.k.a "Pior,"
D-18 DANIEL CORRAL, a.k.a. "D," "Nice," & "Hugo,"
D-19 WALTER CARROLL, a.k.a. "Big Walt,"
D-20 AARON ROBERT SCHWARTZ,
D-21 ANDREA MONIQUE WHITMAN, and
D-22 VINCENT D. WYNN

1. That in or about January, 1990, and continuing through the date of this indictment, in the Eastern District of Michigan, and elsewhere, DERRICK ARMSTRONG, ELIJAH AMIR BAKER, MARTEZ DEON BYRTH, MONICA LANE COOK, MONIQUE LANE COOK, JEAN PAUL GRAMMATICO, CHARLES EDWARD HOWARD JR., DEXTER JOSEPH HUSSEY, DANNY JONES, JOSEPH M. JONES III, RICARDO DENARD MCFARLIN, RASHAWN SIMMONS, PIERINO VERRELLI, DANIEL CORRAL, WALTER CARROLL, AARON ROBERT SCHWARTZ, ANDREA MONIQUE WHITMAN, VINCENT D. WYNN and others known and unknown to the Grand Jury, including Terry Lee Flenory and Demetrius Edward Flenory knowing that the property involved represented the proceeds of some form of unlawful activity, as defined in Title 18, United States Code, Section 1956(c)(1), that is, the distribution of cocaine, a felony under Title 21, United States Code, Section 841(a)(1), did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other, and with others, both known and unknown to the grand jury, to conduct and/or cause to be conducted financial transactions which

involved the proceeds of said unlawful activity, with intent to promote the carrying on of said unlawful activity, to conceal and/or disguise the nature, location, source, ownership and control of the proceeds of the said unlawful activity and/or to avoid transaction reporting requirements under federal law; all in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), (a)(1)(B)(ii), and (h).

2. It was part of the unlawful conspiracy that Terry Lee Flenory and Demetrius Edward Flenory would and did operate a large drug distribution organization which involved the delivery of cocaine to Detroit, Michigan and elsewhere for distribution.

3. It was a further part of the unlawful conspiracy that, at the direction of Terry Lee Flenory and Demetrius Edward Flenory, ELIJAH AMIR BAKER, MARTEZ DEON BYRTH, MONICA LANE COOK , MONIQUE LANE COOK, JEAN PAUL GRAMMATICO, CHARLES EDWARD HOWARD, JR., DEXTER JOSEPH HUSSEY, DANNY JONES, RICARDO DENARD MCFARLIN, RASHAWN SIMMONS, WALTER CARROLL and others would collect or arrange for the collection, counting and/or packaging of large amounts of currency derived from the sale of cocaine in the metropolitan Detroit area and elsewhere, and then transport or arrange for the transportation of this currency to Texas, California, Georgia, Missouri and elsewhere for the purpose of purchasing more cocaine, thus promoting the illicit distribution of cocaine.

4. It was a further part of the unlawful conspiracy that the Flenory organization would utilize vehicles equipped with traps and hidden compartments installed by PIERINO VERRELLI to conceal and transport the cash generated from the drug organization's sale of cocaine.

5. It was a further part of the unlawful conspiracy that JOSEPH M. JONES III , MONIQUE LANE COOK, ANDREA MONIQUE WHITMAN, VINCENT D. WYNN, and others would act as and/or recruit nominee purchasers and lessees to acquire and sell real property, motor vehicles and jewelry and to conduct related financial transactions, while concealing the true source, nature and ownership of the funds involved in these transactions, the source being from the sale of cocaine.

6. It was further part of the unlawful conspiracy that DERRICK ARMSTRONG acted as a nominee and otherwise facilitated the purchase of 5435 Ethel Avenue, Sherman Oaks, California utilizing the drug proceeds of Terry Lee Flenory in order to conceal the true source, nature and ownership of the funds involved in these transactions.

7. It was a further part of the unlawful conspiracy that DERRICK ARMSTRONG provided false income information to a banking institution in order to obtain a mortgage loan for the real property located at 5435 Ethel Avenue, Sherman Oaks, California.

8. It was a further part of the unlawful conspiracy that various conspirators including DERRICK ARMSTRONG, JOSEPH M. JONES III, ANDREA MONIQUE WHITMAN, VINCENT D. WYNN would take large amounts of cash derived from the organization's sale of cocaine and a) deposit the cash into various bank accounts or direct others to make the deposits; b) purchase cashier's checks and money orders or direct others to make such purchases and/or c) wire transfer these funds or direct others to do so. These funds would then be used to purchase and/or lease real property and to make continuing payments on these properties with the goal of concealing the true source, nature and ownership of the funds which had been derived from the sale of cocaine.

9. It was further part of the unlawful conspiracy that AARON ROBERT SCHWARTZ facilitated the purchase of motor vehicles utilizing the drug proceeds of another conspirator, Chauncey Marcel Johnson, in order to conceal the true source, nature and ownership of the funds involved in the transactions.

10. It was further part of the unlawful conspiracy that on or about September 27, 2002, Christine Johnson, mother of Chauncey Marcel Johnson, purchased a 2001 GMC Denali VIN# 1GKFK66U01J180405. On October 18, 2002, this vehicle was transferred to ANDREA MONIQUE WHITMAN.

11. It was further part of the unlawful conspiracy that on November 11, 2002 ANDREA MONIQUE WHITMAN, acting as a nominee for Chauncey Marcel Johnson, purchased a 2003 Yukon Denali, VIN # 1GKFK66U33J163892 from Superior Buick in Dearborn, Michigan. The 2001 GMC Denali VIN# 1GKFK66U01J180405, referenced in paragraph 10 above, was used as a trade-in on this 2003 Yukon Denali.

12. It was further part of the unlawful conspiracy that on or about December 18, 2003, ANDREA MONIQUE WHITMAN, acting as nominee for Chauncey Marcel Johnson, purchased a 2004 Range Rover, VIN# SALME11494A156170 from AARON ROBERT SCHWARTZ, while he was employed at Motorcar Gallery in Birmingham, Michigan. The 2003 Yukon Denali, VIN # 1GKFK66U33J163892, referenced in paragraph 11 above, was used as a trade-in on this 2004 Range Rover.

13. It was further part of the unlawful conspiracy that on December 23, 2003, AARON ROBERT SCHWARTZ, after having accepted $47,163 in United States currency from Chauncey

Marcel Johnson, provided that currency to Motorcar Gallery toward the purchase of the 2004 Range Rover, referenced in paragraph 12 above, and falsely identified ANDREA MONIQUE WHITMAN, as the owner of that currency, causing Motorcar Gallery to submit a false Form 8300 (Report of Cash Payments over $10,000 Received in a Trade or Business)..

14. It was further part of the unlawful conspiracy that on or about May 3, 2004, ANDREA MONIQUE WHITMAN acting as a nominee for Chauncey Marcel Johnson and with the assistance of AARON ROBERT SCHWARTZ, purchased a 2004 Porsche Cayenne Turbo, VIN# WP1AC29P94LA93627 from Motorcar Gallery in Birmingham, Michigan. The 2004 Range Rover, referenced in paragraph 13 above, was used as a trade-in on this 2004 Porsche Cayenne Turbo. During this transaction, on May 3, 2004, AARON ROBERT SCHWARTZ accepted $25,700 in United States currency from Chauncey Marcel Johnson, which AARON ROBERT SCHWARTZ deposited into his personal bank account at Standard Federal Bank. On that same day, AARON ROBERT SCHWARTZ wrote two checks totaling $25,800, which were used toward the purchase of the 2004 Porsche Cayenne Turbo.

15. It was further part of the unlawful conspiracy that members of the conspiracy would purchase winning four digit State of Michigan lottery tickets from the true winners. Many of this tickets were obtained by another conspirator, Neil Jamil Bahura, who in turn sold them to yet another conspirator, Harold Stanley Wilcox. Harold Stanley Wilcox would pay Neil Jamil Bahura for the lottery tickets with cash obtained from Terry Lee Flenory. These winning tickets, which totaled more than $1,000,000 would be redeemed with the State of Michigan's lottery bureau by various conspirators including ANDREA MONIQUE WHITMAN and monies received would be deposited

into various personal bank accounts. The monies would then be used to purchase homes, make mortgage payments, and purchase vehicles in order to conceal the fact the these monies really were derived from the sale of cocaine by the Flenorys' drug organization.

16. It was further part of the unlawful conspiracy that on or about August 10, 2004 ANDREA MONIQUE WHITMAN and others provided false information to a banking institution in order to obtain a mortgage for the real property located at 6012 Edmund, Romulus, Michigan and ANDREA MONIQUE WHITMAN used $60,000 of the proceeds from the winning lottery tickets toward the purchase of this property.

17. It was further part of the unlawful conspiracy that VINCENT D. WYNN acted as a nominee and otherwise facilitated the purchase of 5173 Brandywine, Frisco Texas utilizing the drug proceeds of Demetrius Edward Flenory in order to conceal the true source, nature and ownership of the funds involved in this transaction.

18. It was further part of the unlawful conspiracy that VINCENT D. WYNN made several monthly payments with funds from his personal bank account totaling more than $99,000 toward the purchase of the residence located at 5173 Brandywine, Frisco, Texas.

All in violation of Title 18, United States Code, Section 1956(h).

**COUNT THREE**
(21 U.S.C. § 853, 18 U.S.C. § 981 (a)(1)(C), 18 U.S.C. § 982 and/or
28 U.S.C. §2461 - Criminal Forfeiture)

1. The allegations contained in Counts 1 and 2 of this Indictment are hereby incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States

Code, Section 853; Title 18, United States Code, Sections 981(a)(1)(C) and 982; and Title 28, United States Code, Section 2461.

2. As a result of the foregoing violations of Title 21, United States Code, Sections 841 and 846 and Title 18, United States Code, Section 1956, as charged in Counts 1 and 2 of this Indictment, defendants 1-17, shall forfeit to the United States: (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations; (b) any property involved in said violations, or any property traceable to such property; and (c) any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations.

3. **Identified Property Subject to Forfeiture.** Property subject to forfeiture to the United States includes, but is not limited to, the following property:

Assorted Jewelry, seized in Florissant, Missouri, Asset Identification Number 06-DEA-460269, more specifically described as follows:

(a) One 18K white gold Audemart Piguet watch;

(b) Two 24K white gold chains weighing 23.5 and 23.4 grams, respectively;

(c) One 14K white gold cross containing 11 princess cut diamonds, all channel set; and

(d) One 14K white gold princess cut diamond earring.

4. **Substitute Assets**. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), defendants 1 through 17, shall forfeit substitute property, up to the value of the properties described in paragraphs 2 and 3 above, if, by any act or omission of the defendant, the property described in paragraphs 2 and 3 cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has

been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All in violation of Title 21, United States Code, Section 853; Title 18, United States Code, Sections 981(a)(1)(C) and 982; and Title 28, United States Code, Section 2461.

**COUNT FOUR**

(21 U.S.C. Sec. 843(b) - Use of Communication Facility in Facilitating the Commission of Violations of the Controlled Substances Act)

D-11 DANNY JONES, a.k.a. "Dog Man,"

1. That on or about August 29, 2004 at approximately 1:20 p.m., in the Eastern District of Michigan, Southern Division, and elsewhere DANNY JONES, a.k.a. "Dog Man,"defendant herein, knowingly and intentionally used a communication facility, to-wit: a telephone, in causing or facilitating the commission of acts constituting a felony under the Controlled Substances Act, to-wit: conspiracy to distribute cocaine in violation of 21 U.S.C. § 846.

All in violation of Title 21, United States Code, Section 843(b).

**COUNT FIVE**

(21 U.S.C. Sec. 843(b) - Use of Communication Facility in Facilitating the Commission of Violations of the Controlled Substances Act)

D-11 DANNY JONES, a.k.a. "Dog Man,"

1. That on or about August 30, 2004 at approximately 9:05 p.m., in the Eastern District of Michigan, Southern Division, and elsewhere DANNY JONES, a.k.a. "Dog Man,"defendant herein, knowingly and intentionally used a communication facility, to-wit: a telephone, in causing or facilitating the commission of acts constituting a felony under the Controlled Substances Act, to-wit: conspiracy to distribute cocaine in violation of 21 U.S.C. § 846.

All in violation of Title 21, United States Code, Section 843(b).

**COUNT SIX**

(21 U.S.C. Sec. 843(b) - Use of Communication Facility in Facilitating the Commission of Violations of the Controlled Substances Act)

D-11 DANNY JONES, a.k.a. "Dog Man,"

1. That on or about September 8, 2004 at approximately 10:20 p.m., in the Eastern District of Michigan, Southern Division, and elsewhere DANNY JONES, a.k.a. "Dog Man,"defendant herein, knowingly and intentionally used a communication facility, to-wit: a telephone, in causing or facilitating the commission of acts constituting a felony under the Controlled Substances Act, to-wit: conspiracy to distribute cocaine in violation of 21 U.S.C. § 846.

All in violation of Title 21, United States Code, Section 843(b).

**COUNT SEVEN**

(21 U.S.C. Sec. 843(b) - Use of Communication Facility in Facilitating the Commission of Violations of the Controlled Substances Act)

D-11 DANNY JONES, a.k.a. "Dog Man,"

1. That on or about September 9, 2004 at approximately 12:26 p.m., in the Eastern District of Michigan, Southern Division, and elsewhere DANNY JONES, a.k.a. "Dog Man,"defendant herein, knowingly and intentionally used a communication facility, to-wit: a telephone, in causing or facilitating the commission of acts constituting a felony under the Controlled Substances Act, to-wit: conspiracy to distribute cocaine in violation of 21 U.S.C. § 846.

All in violation of Title 21, United States Code, Section 843(b).

**COUNT EIGHT**

(21 U.S.C. Sec. 843(b) - Use of Communication Facility in Facilitating the Commission of Violations of the Controlled Substances Act)

D-11 DANNY JONES, a.k.a. "Dog Man,"

1. That on or about September 15, 2004 at approximately 4:34 p.m., in the Eastern District of Michigan, Southern Division, and elsewhere DANNY JONES, a.k.a. "Dog Man,"defendant herein, knowingly and intentionally used a communication facility, to-wit: a telephone, in causing or facilitating the commission of acts constituting a felony under the Controlled Substances Act, to-wit: conspiracy to distribute cocaine in violation of 21 U.S.C. § 846.

All in violation of Title 21, United States Code, Section 843(b).

THIS IS A TRUE BILL

S/Grand Jury Foreperson

STEPHEN J. MURPHY
United States Attorney

MICHAEL C. LEIBSON, P24092
Assistant United States Attorney

DAWN N. ISON, P43111
Assistant United States Attorney

JULIE A. BECK, P53291
Assistant United States Attorney

Dated: April 9, 2008

ORIGINAL

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number 06-20663 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | Companion Case Number: 05-80955 |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | Judge Assigned: Avern Cohn |
| ☑ Yes ☐ No | AUSA's Initials: [signature] |

**Case Title:** USA v. **DERRICK ARMSTRONG, et. al.**

**County where offense occurred :** Wayne

**Check One:** ☑ Felony ☐ Misdemeanor ☐ Petty

_____Indictment/_____Information --- **no** prior complaint.
_____Indictment/_____Information --- based upon prior complaint [Case number: _____________]
_____Indictment/_____Information --- based upon **LCrR 57.10 (d)** ***[Complete Superseding section below]***.

## Superseding Case Information:

**Superseding to Case No:** 06-20663 **Judge:** Avern Cohn

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☑ Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges |
|---|---|
| Danny Jones | 21 U.S.C. §843(b) |
| Daniel Corral | 21 U.S.C. §841(a)(1), 846; 18 U.S.C. §1956(h) |
| Walter Carroll | 21 U.S.C. §841(a)(1), 846; 18 U.S.C. §1956(h) |
| Aaron Robert Schwartz | 18 U.S.C. §1956(h) |
| Andrea Monique Whitman | 21 U.S.C. §841(a)(1), 846; 18 U.S.C. §1956(h) |
| Vincent D. Wynn | 18 U.S.C. §1956(h) |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

April 9, 2008
Date

DAWN N. ISON
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-9567
Fax: (313) 226-5464
E-Mail address: dawn.ison@usdoj.gov
Attorney Bar # P43111

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.